[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2007
THOMAS K. KAHN
CLERK

No. 06-15236
Non-Argument Calendar

_____

D. C. Docket No. 04-00640-CR-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMA NUNEZ-GONZALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 2, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Emma Nunez-Gonzales appeals her sentence imposed after she pled guilty to attempt to import methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(H), 963; and attempt to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846. Gonzales asserts the district court erred in denying her a minor-role reduction. She further contends her 140-month sentence is unreasonable. We affirm her sentence.

## I.  DISCUSSION

A.  *Minor-role reduction*

We review a district court's decision on whether to grant a minor-role reduction for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "[M]inor participants may receive a two-level reduction, and . . . a minor role in the offense 'means any participant who is less culpable than most other participants, but whose role could not be described as minimal.'" *Id.* at 939 (citing U.S.S.G. § 3B1.2, comment. (n.3)). The defendant has the burden of establishing her role by a preponderance of the evidence. *Id.* For a sentencing court to determine whether to grant a minor-role reduction, it considers two principles. *Id.* at 940. First, the court must measure the defendant's role against the relevant conduct for which she is being held accountable. *Id.* "Only if the defendant can establish that she played a relatively minor-role in the conduct for

2

which [s]he has already been held accountable–not a minor role in any larger criminal conspiracy–should the district court grant" a minor-role reduction. *Id.* at 944. The second prong of the minor-role reduction analysis permits a district court, "where the record evidence is sufficient . . . [, to] measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id.* at 934. "[W]hen a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs. " *Id.* at 942-43.

Amendment 635 adopted *De Varon* and states a defendant who is held accountable only for the conduct in which she was personally involved is not precluded from being considered for a role reduction, if her function in the larger conspiracy was limited. U.S.S.G. § 3B1.2, Amendment 635, App. C. It specifically notes a defendant whose role is limited to transporting drugs, and who is only held accountable for the drugs she personally transported, is not precluded from a reduction. *Id.*

We upheld a district court's determination that, under *De Varon,* it would be an exceptional case, if not impossible, to grant a minor-role reduction where a defendant is only held accountable for his own conduct. *United States v. Boyd*,

3

291 F.3d 1274, 1276-77 (11th Cir. 2002). The defendant argued the district court erred by creating a *per se* rule, but we found the district court followed *De Varon* by measuring the defendant's role against the relevant conduct for which he was held accountable and that its comments were consistent with *De Varon* and did not create a *per se* rule. *Boyd*, 291 F.3d at 1277-78.

Gonzales asserts the district court wrongly interpreted *De Varon* as precluding a drug courier from receiving a minor-role reduction. The district court, however, correctly conducted the *De Varon* analysis. It looked at the conduct, as it must, for which Gonzales was held accountable. *De Varon*, 175 F.3d at 934. It then noted that, where a defendant is held accountable only for the conduct for which she is responsible, that assessment "can well be dispositive," and likened her case to the heroin importation in *De Varon*, where the defendant, like Gonzales, was not held accountable for the manufacture of heroin, but only for the importation. The court did not say it would not look at any other factor in making the judgment regarding the role reduction, or that it was dispositive, only that it could be. This was similar to the language we approved in *Boyd*. *See Boyd*, 291 F.3d at 1277.

Additionally, under the *De Varon* analysis, measuring Gonzales's role against the conduct charged was the crucial step, the one that the court "must" take,

4

not, as in the second prong, one that it "may" take. *See De Varon*, 175 F.3d at 934. The court then asked, pursuant to *De Varon*, what other participants could be used to measure her conduct against, and Gonzales argued that, as compared with the manufacturers and distributor, she would be less culpable. The court then heard a proffer of what the Government's evidence would be regarding Gonzales's role. Additionally, the court restated the defendant was not precluded from the role reduction, but the fact she was held accountable only for her conduct could be dispositive, and further found Gonzales failed to meet her burden to show sufficient evidence that she was entitled to the reduction. This is correct, as the court was not making a *per se* judgement. *See Boyd*, 291 F.3d at 1277. Accordingly, as the district court correctly conducted the analysis and Gonzales was only held responsible for her conduct, the district court did not clearly err in not granting a minor-role reduction.

B. *Reasonableness of sentence*

We review the sentence imposed by the district court for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (citing *United States v. Booker*, 125 S. Ct. 738 (2005)). The Supreme Court has directed sentencing courts to consider the following factors in imposing sentences under the advisory Guidelines:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *Booker*, 125 S. Ct. at 765-66. The district court must first correctly calculate the defendant's Guidelines range, then, using the § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788.

Gonzales has not met her burden to demonstrate her sentence, below the guideline range, was unreasonable. *See id.* First, the district court used the § 3553(a) factors in determining her sentence, including: (1) the severity of the crime of importing a dangerous drug, such as methamphetamine, including the effect that it has on society; (2) the need to deter crime; (3) the impact her sentence would have on her family; and (4) the need for consistent sentencing. 18 U.S.C.

6

§ 3553(a)(1), (2)(A),(B),(6). Additionally, although § 3553(a)(6) directs the district court to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," Gonzales's sentence was higher than those of other couriers due to the purity of the methamphetamine being a factor in determining the severity of the crime. *See* U.S.S.G. § 2D1.1(b)(4) (specifically adding a two-level increase for the importation of methamphetamine). Her sentence disparity argument is only in reference to couriers who did not traffic pure methamphetamine, and not in reference to those who have committed the same importation crime of 85% pure methamphetamine. Therefore, she has not established her 140-month, below-Guidelines sentence was unreasonable. *See Talley*, 431 F.3d at 788.

## II. CONCLUSION

The district court did not err in denying Gonzales a minor-role reduction. Additionally, her sentence is reasonable.

**AFFIRMED.**